AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

FILED APR - 7 2008

| UNITED STATES DISTRICT COURT | District | MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |
|---|---|---|
| Name of Movant: Michael Spano, Sr. | Prisoner No. 13385-424 | Case No. 01-CR-~~384~~ 3481 |
| Place of Confinement: Federal Correctional Institution, P.O. Box 1000, Milan, Michigan. 48160 ||| 

| UNITED STATES OF AMERICA | V. | MICHAEL SPANO, SR |
|---|---|---|
||| (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack   U.S. District Court Northern District of Illinois, 219 S. Dearborn ST. Chicago, Il. 60604

2. Date of judgment of conviction   January 25, 2006

3. Length of sentence   151 months

4. Nature of offense involved (all counts)   18 USC §1962(d), 18 USC §1343,1346, and 2; 26 USC §7206(11); 18 USC §371.

FILED
APR - 7 2008
4-7-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

5. What was your plea? (Check one)
   (a) Not guilty   [X]
   (b) Guilty   [ ]
   (c) Nolo contendere   [ ]

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury   [X]
   (b) Judge only   [ ]

7. Did you testify at the trial?
   Yes [ ]   No [X]

8. Did you appeal from the judgment of conviction?
   Yes [X]   No [ ]

**08CV1966
JUDGE GRADY
MAG. JUDGE MASON**

(2)

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court __Seventh Circuit Court of Appeals__

   (b) Result __Denied__

   (c) Date of result __2/7/2007__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☒    No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __United States Supreme Court__

       (2) Nature of proceeding __Writ of Certiorari__

       (3) Grounds raised __Sentence exceeded statutory maximum__

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐    No ☒

       (5) Result __Certiorari denied__

       (6) Date of result __April 30, 2007__

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court __N/A__

       (2) Nature of proceeding ____

       (3) Grounds raised ____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐       No ☐

    (5) Result _____

    (6) Date of result _____

  (c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.         Yes ☐       No ☐
    (2) Second petition, etc.      Yes ☐       No ☐

  (d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

  Caution: <u>If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

  For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

  Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

  (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

  (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Counsel was ineffective for failing to challenge indictment that was returned by a grand jury which had served more than 18 months in violation of Federal Rules of Criminal procedure 6(g).

Supporting FACTS (state *briefly* without citing cases or law)

On its face the third superseding indictment shows it was returned by THE SPECIAL JULY 2000-1 GRAND JURY on February 21, 2002. Rule 6(g) limits a grand jury's term to 18 months "unless the court extends the service of the grand jury for a period of six months or less upon a determination that such extension is in public interest". (SEE CONTINUATION OF SUPPORTING FACTS ON FOLLOWING PAGE)

B. Ground two: Counsel was ineffective for failing to conduct an audit or request and audit to determine the net amount to be used by the district court for determining base offense level at sentencing.

Supporting FACTS (state *briefly* without citing cases or law)

Prior to sentencing counsel failed to conduct an audit into the money loss caused by petitioner's alledged fraud. Counsel also failed to request an audit to determine the net amount to be used by the district court to determine his base offense level. (SEE CONTINUATION OF SUPPORTING FACTS ON FOLLOWING PAGE)

C. Ground three: Counsel was ineffective for failing to challenge the testimony of Government's witness Frank Taylor when he testified that he attended a meeting at the Jedi Restaurant.

Supporting FACTS (state *briefly* without citing cases or law)

Before petitioner's trial two versions of the meeting at the Jedi restaurant emerged. One version came from the Grand Jury testimony of Robert Balsitis, the comptroller of the Town of Cicero. The Jedi restaurant meeting was first mentioned in Balsitis'
(SEE CONTINUATION OF SUPPORTING FACTS ON FOLLOWING PAGE)

(5)

## CONTINUATION OF SUPPORTING FACTS FOR GROUND NUMBER ONE:

There has been no showing that the term of service was extended and if extended was in public interest or otherwise authorized.

An indictment returned by a grand jury beyond its term is void and should be dismissed. Counsel was ineffective for not raising a challenge to the indictment prior to trial or at any stage of the proceedings.

Because it appears the third superseding indictment was returned by a grand jury acting beyond its authorized term the indictment is void and the court was without jurisdiction to hear the case. Petitioner prays the court will dismiss the third superseding indictment as void.

## CONTINUATION OF SUPPORTING FACTS FOR GROUND NUMBER TWO:

At sentencing counsel presented no evidence of money loss alledgedly caused by petitioners fraud. Counsel raised no objections to the Government's audit/evidence concerning money loss. Without any objections from counsel the sentencing court adopted the Government's audit/evidence of money loss and made it finding's based on the Government's audit/evidence.

Petitioner's counsel could not raise any valid objections or arguments concerning money loss because counsel had no evidence to support any objections or arguments. Counsel had failed to conduct an investigation into the records of Cicero Township or even request that the Court order that an Audit of the records be conducted by an independant Auditor to determine a reliable finding of money loss which would determine petitioner's base offense level for sentencing.

Concerning money loss amounts the Government's and the Court's findings were at odds with each other. At trial the Government presented evidence that from 1992 to 1998 the Town of Cicero payed Specialty Risk Consultants, Inc. (SRC) a total of 36 millinon dollars to settle/manage approximately 18.5 million dollars in health care claims. At sentencing the Court found that the Town of Cicero had paid SRC 33.8 millinon dollars and that SRC payed 22 million dollars in legitimate claims and had incured costs to process these claims.

The Presentence Report prepared by the Probation Office also relies on the Government's audit/evidence of money loss to determine the loss amount attributed to the petitioner. Counsel failed to file any objections to the PSR's determinetion of money loss.

At sentencing the court determined the loss caused by the fraud was $10.6 million. The Judge then rounded the $10.6 million off to below $10 million. **The judge's reason was that the $10.6 was merely an estimate which might be off by $600,001.** The Seventh Circuit Court of Appeals found the Judge's rounding off the $10.6 million to below $10 million to be error and remanded for resentencing with the blessings of the Government.

The fact that the sentencing court felt strong enough to reason that the $10.6 was merely an estimate and might be off by as much as $600,001 is proof that the Government's audit/evidence was not found to be reliable by the court. Yet in the face of the courts findings counsel failed to object to the Government's money loss evidence or request an audit on behalf of the petitioner or conduct an audit himself.

The sentencing court's findings that the Government's evidence of money loss was "merely an estimate" supports petitioner's claim that his attorney at trial and sentencing was ineffective for failure to obtain a reliable audit of the correct amount of money payed to Specialty Risk Consultants (SRC) from 1992 thru 1995, and the correct amount SRC paid in legitimate claims for that period of time. And most important that the Government's audit/evidence fails to show is the costs incurred by SRC during the three year period that SRC was managing and paying legitimate claims that was unrelated to any criminal activity such as staff salaries, rent, utilities, office equipment, and other operational expenses.

The Seventh Circuit Court of appeals when deciding this case stated

> " and so the costs incured by the criminal
> to commit the crime are irrelevant, But the
> qualification is vital, since the criminal
> may have expenses unrelated to the crime.
> That is the case here. Out of the total amount
> that the Town paid SRC, $33.8 million, SRC
> paid $22 million in legitimate claims and
> incurred costs to process them. (See U.S.
> v. Spano, 421 F.3d at 607 (7th Cir. 2005).

Although the sentencing court took into consideration the costs incurred by SRC in managing and paying legitimate claims the court's finding as to cost incurred money amount was only an "estimate" as the court had no evidence to rely on in making a determination of the costs incurred by SRC in processing ligitimate claims unrelated to any criminal activity.

The Court of Appeals further stated

> " Had the Town hired a legitimate claims processor

        the price charged the Town by the processor would have reflected his costs. The loss to the Town was the difference between what it paid SRC to process the legitimate claims that SRC paid out and what it would have paid a legitimate processor to process those claims. A defendant is entitled "to deduct from the loss calculation any value the defendant gave the victim at the time of the fraud". United States v. Janusz, 135 F.3d 1319, 1324 (10th Cir. 1998).

The sentencing court had no evidence before it to show what a legitimate claims processor would have charged the Town of Cicero for processing all of it's health care claims for three years from 1992 thru 1995. Because petitioner's counsel had not investigated Cicero's records or conducted and audit or obtained an estimate from a legitimate claims processor as to the money amount it would have charged the Town of Cicero for its process service for three years from 1992 thru 1995, the sentencing court was left with the problem of determining such cost and the court could only "estimate" such cost. Whether or not the court's estimate of $600,001 is even close to the correct amount a legitimate claims processor would have charged the Town of Cicero for three years services cannot be determined until a reliable audit of the records of the Town of Cicero and the records of SRC is conducted by a reliable auditor.

A reasonable attorney knowing his client was facing an increased punishment based on money loss would have investigated and conducted an audit of the records of the Town of Cicero and the records of SRC and been prepared at sentencing to provide the court with a correct accounting of costs incurred by his client as a results of providing legitimate service to the victim the Town of Cicero.

The petitioner has a right to have his sentence determined on correct and reliable information. Petitioner's sentence is based on "estimates" and speculation not correct or reliable information.

Even after the Seventh Circuit remanded petitioner's case for resentencing after discussing the costs incurred by SRC for legitimate services not related to criminal acts petitioner's attorney on resentencing failed to conduct any investigation or audit into money loss which would determine the length of time petitioner would spend in prison.

Prior to resentencing petitioner pleaded with his attorney Frank Cook to conduct an audit of the records of the Town of Cicero and the records of SRC in order to establish the correct amount of money loss incurred by the Town of Cicero and the correct money amount of costs incurred by SRC in providing legitimate services to the Town of Cicero in order that counsel could present the court with evidence of a lesser loss amount than the Government claimed petitioner was responsiable for. SEE Affidavit of petitioner in support of this motion attached hereto.

If the respective attorneys who represented petitioner would have investigated and conducted an audit of money loss on behalf of the petitioner there would have been a different outcome to petitioners sentencing. Petitioner moves the court to conduct an evidentiary hearing into his claims of ineffective assistance of counsel.

## CONTINUATION OF SUPPORTING FACTS FOR GROUND NUMBER THREE:

testimony that was scripted, reviewed and approved by the government. It should be noted that Balsitis testified before the Grand Jury on two occasions. At the first GRand Jury Balsitis responded in traditional question and answer fashion. At his second visit Balsitis simply read a statement to the Grand Jury and responded to a few questions from the Grand Jurors. Balsitis' testimony based on the written statement to the Grand Jury was reviewed and approved by the government.

Balsitis' statement to the Grand Jury indicated that the meeting at the Jedi Restaurant was suggested by FRank Maltese. Balsitis provided a detailed description of the meeting. He stated that he and Frank Maltese drove to the meeting in seperate vehicles anf that they arrived at the restaurant after the breakfast rush. He even remembered that Maltese had a bagel while he had a roll.

According to Balsitis' scripted testimony Balsitis claimed that he noticed the Petitioner setting in front of the restaurant when he arrived. Balsitis' testified that the Petitioner approached the table where he and Maltese were sitting, sat down and just listened to his conversation with Maltese. Balsitis states that at some point in the conversation with Maltese regarding the insurance program the Petitioner, in a threatening manner "blew up". In his scripted text Balsitis stated that Maltese identified at the table as the Petitioner Michael Spano Sr.

Frank Maltese died in 1993, Robert Balsitis died prior to Petitioner's trial. Because Balsitis' death the government on March 22, 2002, sought permission to use Balsitis' Grand Jury testimony at Petitioner's trial. To support thier request the government cited trustworthiness of Balsitis and his testimony by noting that Balsitis resisted SRC's take over of the Cicero insurance program would be confirmed by the testimony of Frank Taylor. The government clearly stated that Balsitis' testimony about the Jedi Restaurant meeting was the best evidence available to show the Petitioner had influence over Frank Maltese and other town officials to control the town's insurance business.

The government's request to use Balsitis' Grand Jury testimony was opposed by all defendants. On April 19, 2002, the government notified the District Court judge and all defense counsel that Frank Taylor would testify about a meeting he had with Balsitis at the Jedi Restaurant during which the Petitioner sat down at the table without introduction.

Based on the courts inquiry the government confirmed that Taylor would testify as to the same meeting that Balsitis described in his scripted Grand Jury testimony. The government in order to eliminate any confusion as to Balsitis' Grand Jury testimony regarding who was at the meeting at the Jedi Restaurant eliminated the Balsitis testimony by suggesting it would no longer be necessary to use the portion of his testimony that described the Jedi Restaurant meeting. The government simply stated that Balsitis was mistaken regarding whether he met with Frank Maltese or Frank Taylor.

The District Court denied the governments request to use the Grand Jury testimony of Robert Balsitis but the court did not issue any ruling, allowing the government to slide Frank Taylor into the role of Frank Maltese at the Jedi Restaurant meeting. Frank Taylor was allowed by the court to play the role of Frank Maltese and Taylor would be allowed to testify about the Jedi meeting. Balsitis' Grand Jury testimony clearly states that Frank Maltese was at the Jedi Restaurant meeting not Frank Taylor.

During Taylor's testimony about the meeting Petitioner's trial counsel objected without stating a basis. When the government asked Taylor what he observed at the meeting the trial court overruled the objection without explanation. Petitioner's lawyer asked Taylor questions regarding his failure to mention the meeting during his Grand Jury testimony or at any of the 14 interviews he had with the F.B.I.

Petitioner's attorney did not use the Grand Jury testimony of Balsitis to call into question Taylor's honesty.

Petitioner's attorney also did not refer to Taylor's history of perjury. In U.S. v. Oberhauser, 2004 WL 414254 (D. Minn. 2004). In that case District Court Judge Donovan Frank made the following statement:

> " Then, and now, it is the Court's view that, perjured or not, no reasonable juror would find Frank Taylor credible. No reasonable juror under almost any circumstance would trust or believe anything that was uttered from the lips of Frank Taylor".

"[A]n ineffective-assistance-of-cousel claim may be brought in a collateral proceeding under § 2255, whether or not the Petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003): " A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction... has two components. First, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The first component requires Petitioner to show that"counsel's representation fell below an objective standard of reasonableness." Id. at 688. In determining whether his counsel's performance was objectively reasonable, the Court"indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The second component of Petitioner's claim requires him to show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Id at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The Petitioner in his direct appeal to the Seventh Circuit did not raise the claim of ineffective assistance of counsel with regard to the testimony of Frank Taylor.

Because of Taylor's damaging testimony regarding the Jedi Restaurant meeting, the fact that Petitioner's counsel failed to properly challenge Taylor's testimony supports Petitioner's claim that his counsels performance was deficient as defined in Strickland.

Petitioner's counsel, if he had properly prepared for Frank Taylor's testimony, should have cited Federal Rule of Evidence 602 which requires the proponent of testimony to offer evidence that the witness has first hand knowledge of the matters about which he has testified. Rule 602 deals with the first hand knowledge of the declarant whose statements are being admitted under Federal Rule of Evidence 801 (d)(2)(E). This rule of evidence limits the application of Rule 602 for statements of a co-conspiritor, but the 7th Circuit in Ward v. First Federal Savings Bank 173 F.3d 611(7th Cir. 1999) indicated that more than a mere awareness of the thing about which a witness is to testify must be demonstrated before the witness is to testify. Given the history of Frank Taylor's perjury, Petitioner's counsel should have been prepared to challenge Taylor's veracity regarding his participation in the Jedi meeting. Instead Petitioner's counsel objected without stating a basis when the Prosecution asked Taylor what he observed during the Jedi meeting.

Taylor's statements regarding the Jedi meeting were a significant event during the trial. Both the Prosecution and Petitioner's counsel made reference to the meeting in their closing arguements. Taylor's testimony about the Jedi meeting and Petitioner's presence and conduct sent a clear message to the jury that the Petitioner was a mobster and the late Balsitis knew it. Frank Taylor's testimony was a critical element in the government obtaining a jury verdict.

The importance of Taylor's testimony cannot be understated. The 7th Circuit Court of Appeals in U.S. v. Spano, 421 F.3d 599

(7th Cir. 2005) in discussing whether Taylor's testimony was impaired by alcohol or drugs made the following statement:

> "And there could be no doubt of his having been able to observe accurately the acts of the defendants during the fraud, for he had been the general manager of SRC."

Taylor's perjured testimony should not have been allowed. Petitioner's counsel was ineffective for not properly challenging Taylor's perjured testimony.

## CONCLUSION

Petitioner respectfully moves the court to issue a show cause order requiring the Government to respond to the constitutional claims presented herein this motion under 28 U.S.C. §2255 and further to conduct an evidentiary hearing into petitioner's claims of ineffective assistance of counsel or in the alternative to vacate petitioner's conviction and sentence.

D.  Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: All grounds raised herein are based on ineffective assistance of counsel and are not completely supported by the records. An evidentiary hearing may be required to expand the record. Such claims must be raised in a collateral attack under §2255. Any issue presented herein that should have been raised on direct appeal and was not is due to ineffectveness of appellate counsel.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐        No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing   Alex Salerno, Chicago, Illinois.

    (b) At arraignment and plea   Alex Salerno, Chicago, Illinois

    (c) At trial   Alex Salerno, Chicago, Illinois

    (d) At sentencing   Alex Salerno, Chicago, Illinois

(6)

AO 243 (Rev. 5/85)

(e) On appeal __Frank Cook, 524 W. Stephenson St. Freeport, Ill. 61032__

(f) In any post-conviction proceeding __Proceeding pro se__

(g) On appeal from any adverse ruling in a post-conviction proceeding __N/A__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__3-19-08__
(date)

_Michael Sjanole_ (signature)
Signature of Movant

STATE OF MICHIGAN   )
                    ) SS.   A F F I D A V I T
COUNTY OF WASHTENAW )
                                OF
                        MICHAEL SPANO JR

IN SUPPORT OF MOTION UNDER 28 USC §2255

FILED
APR - 7 2008
4-7-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I, Michael Spano Sr., certify and state the following:

1.   That I am Michael Spano Sr, the Defendant in Criminal Case Number 01-CR-384 in the United States District Court for Northern District of Illinois, Eastern Division at Chicago Illinois. That I provide this signed sworn Affidavit in support of the foregoing motion under 28 U.S.C. §2255.

2.   That prior to sentencing I discussed with my trial attorney Alex Salerno sentencing issues concerning money loss amount to the Town of Cicero that would that would increase my offense level under the sentencing guidelines.

3.   I asked Mr. Salerno to investigate and conduct an audit of the financial records of the Town of Cicero and the financial records of Specialty Risk Consultants (SRC) to determine the approximate money loss involved that would determine my sentence.

4.   Mr. Salerno assured me he would conduct an investigation and audit of the financial records of the Town of Cicero and SRC to determine the actual loss amount. Mr. Salerno metioned the possibility of hiring an independant auditor to conduct an audit.

4.   Prior to sentencing Mr. Salerno filed no objections to the money loss amount presented in the Presentence Report. When I questioned him concerning his filing no objections to money loss amount presented in the PSR he replied we will present our evidence of money loss amount at the sentencing hearing that his audit was not completed at that time but would be ready by our sentencing date.

5.   At sentencing Mr. Salerno presented no objections to the Government's alledged money loss amount. Also Mr. Salerno did not object to the Court's findings of loss amount. Mr. Salerno presented no evidence of money loss amount on behalf of the defense. When I questioned Mr. Salerno about his not raising objections to loss amount or presenting any evidence as a results of his investigations Mr. Salerno said he was lead to believe that the Government was going to argue some amount less than $10 million and we would not object to that amount. Mr. Salerno said he was just not prepared to argue against a greater amount.

1.

6.    After sentencing Mr. Salerno admitted that he had failed to conduct an audit of the financial records of the Town of Cicero and the records of SRC. And that he had relied on the Government's findings as to money loss amount.

7.    After sentencing attorney Frank Cook was appointed to represent me on direct appeal. After the Seventh Circuit reversed and remanded my case for resentencing Mr. Cook represented me on resentencing.

8.    Because my case was reversed based on the sentencing court's erroneous findings on money loss amount I requested that Mr. Cook conduct the audit of the financial records of the Town of Cicero and SRC the Mr. Salerno had failed to conduct prior to my original sentencing. I also requested that Mr. Cook file written objections to the Government's alledged loss amount prior to resentencing. Mr Cook ignored my request and did not conduct an audit into loss amount or raise any objections to the Government's findings on loss amount.

9.    I swear under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and I will testify under oath to the stated facts herein.

    FURTHER AFFIANT SAYETH NAUGHT.

                                    SS /s/ Michael Spano Sr.
                                       Michael Spano Sr
                                       Affiant

ADDRESS:

Michael Spano Sr.
#13385-424
Federal Correctional Institution
P.O.Box 1000
Milan, Michigan. 48160

2.