UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.    08 C 1966 |
| vs.            ) | Judge John F. Grady |
| ) | |
| MICHAEL SPANO, SR.       ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT MICHAEL SPANO, SR.'S
MOTION TO VACATE THE JUDGMENT AND SENTENCE
<u>PURSUANT TO 28 U.S.C. § 2255</u>**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, responds as follows to defendant Michael Spano, Sr.'s motion under Title 28, United States Code, Section 2255 to vacate or set aside the judgment and sentence in his case.

**I.    BACKGROUND**

On February 22, 2002, defendant Michael Spano, Sr. was charged in a third superseding indictment with racketeering conspiracy (18 U.S.C. § 1962(d)), wire fraud (§ 1343), mail fraud (§ 1341), and conspiracy to impede the IRS in the assessment and collection of taxes (§ 371). In August 2002, a jury convicted Spano, Sr. of all charges. In January 2003, this Court sentenced Spano, Sr. to a term of 151 months incarceration. The Seventh Circuit affirmed the conviction on appeal, but remanded the case for re-sentencing. *See United States v. Spano*, 421 F. 3d 599 (7th Cir. 2005). On January 25, 2006, this Court gave the defendant the identical sentence of 151 months' imprisonment at the re-sentencing hearing. Seventh Circuit affirmed the new sentence on appeal. *See United States v. Spano*,

476 F. 3d 476 (7th Cir. 2007). Spano, Sr.'s petition for a writ of certiorari was denied on April 30, 2007. *See Spano, Sr. v. United States*, 127 S.Ct. 2153, (April 30, 2007).

Spano, Sr. has now filed a motion to vacate or set aside the judgment and sentence pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel. Spano, Sr.'s claim consists of three parts: (1) Counsel allegedly failed to challenge the indictment that was allegedly was returned by a grand jury whose term of service had expired; (2) Spano further complains that counsel failed to challenge the fraud loss figure by conducting an investigation; and (3) Lastly, Spano claims that counsel failed to challenge Frank Taylor's testimony regarding a meeting at the Jedi Restaurant with Robert Balsitis and defendant. Spano, Sr.'s Section 2255 motion must be denied without an evidentiary hearing, however, because he has not established that the performance of his counsel fell below an objective standard of reasonableness, or that he was prejudiced by the representation he received at trial.

## II.   ARGUMENT

Section 2255 claims for ineffective assistance of counsel are governed by the well-known standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.*. at 687-88. A defendant must establish that his attorney's performance was seriously deficient. *United States v. Farr,* 297 F.3d 651, 657 (7th Cir. 2002). Second, "any deficiencies

in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id*. at 692. *See also Cates v. Indiana Youth Center*, 981 F.2d 949, 953 (7th Cir. 1992); *United States v. Reiswitz*, 941 F.2d 488, 496 (7th Cir. 1991); *Galowski v. Murphy*, 891 F.2d 629, 635 (7th Cir. 1989), *cert. denied*, 495 U.S. 921 (1990). The burden on petitioner is a heavy one. *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993), *cert. denied*, 510 U.S. 1099 (1994). *See also Reiswitz*, 941 F.2d at 495. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

The performance of an attorney must be evaluated from the attorney's perspective at the time the decisions at issue were made. *United States v. Ashimi,* 932 F.2d 643, 648 (7th Cir. 1991). "[M]any trial tactics, like so many other decisions that an attorney must make in the course of representation, [are] a matter of professional judgment." *United States v. Hall,* 212 F.3d 1016, 1021 (7th Cir. 2000) (internal quotations omitted). Thus, a reviewing court should resist the natural temptation to become a "Monday morning quarterback." *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002), *quoting Hall*, 212 F.3d at 1021. In *Farr*, the Seventh Circuit stated that, in the context of ineffective assistance of counsel claims, it "will not second-guess trial tactics that are rationally based." *Farr,* 297 F.3d at 658, *citing United States v. Zarnes,* 33 F.3d 1454, 1473 (7th Cir. 1994). The *Farr* court emphasized that "'[i]t is not our task to call the plays as we think they should have been called. On the contrary, we must seek to evaluate the conduct from counsel's perspective at the time, and must indulge a strong presumption that counsel's conduct falls within a wide range of

reasonable professional assistance.'" *Farr,* 297 F.3d at 658, *quoting Hall,* 212 F.3d at 1021.

    **A.**    **The Performance of Spano, Sr.'s Attorneys Was Objectively Reasonable**

        **1.**    **The Special July 2000-1 Grand Jury**

Spano Sr.'s argument that the indictment was returned by the Special July 2000-1 grand jury after its term of service had expired is without merit. On December 21, 2001, First Assistant United States Attorney Gary S. Shapiro filed a petition with the Chief Judge to extend the Special July 2000-1 grand jury's term of service. Chief Judge Marvin E. Aspen then entered an order extending the term of the grand jury to February 24, 2004. See Exhibit A. Thus, the superseding indictment was returned in a timely fashion.

        **2.**    **The Fraud Loss Figure Fairly Included the Value of Expenses SRC Incurred for Services Rendered the Town**

Spano, Sr. further claims that counsel Alex Salerno and Frank Cook failed to sufficiently challenge the amount of financial loss attributable to his fraud upon the Town of Cicero. This argument ignores the fact that the loss amount was litigated at length at the 2003 sentencing hearing. At sentencing, the government submitted that the net loss to the Town was $11,724,252.37, a figure derived from SRC and Cicero bank and accounting records. This figure represented the gross transfers from Cicero to SRC ($33,797,763.53) minus the value of all insurance products provided ($22,073,511.16), *i.e.*, payment of medical and workers compensation claims, and payment of premiums for auto, general and public official liability, and reinsurance. This Court disagreed with this approach, and ruled

that the value of the benefit conferred to Cicero by the processing of claims, and brokerage fees, also had to be subtracted.

The government then made the following calculations. First, regarding general liability insurance, the evidence at trial was that a 10% commission was the industry standard, and during the relevant period, Cicero spent approximately $4,087,754 on general liability insurance. The cost to Cicero would have been approximately $408,775.

Second, regarding worker's compensation, the evidence at trial was that a 20% commission was the industry standard, and during the relevant period, Cicero spent approximately $3,599,901 on worker's compensation. The cost to Cicero would have been approximately $719,980.

Third, regarding health insurance coverage, the evidence at trial was that Traveler's, the Third Party Administrator ("TPA") before SRC, had charged Cicero $12.80 per employee per month and that Leahy & Associates, the TPA following SRC, had charged $9.25 per employee per month.[1] Accordingly, during the relevant period, it is fair to conclude that Cicero would have paid a legitimate TPA approximately $558,720.

Pursuant to the Court's instruction, all these relevant fees and expenses were then added up and subtracted from the government's proposed loss figure. While Spano, Sr. now claims that neither of his attorneys conducted an audit of the Town's records, it is clear that

---

[1] Spano Sr.'s statement that the "court had no evidence before it to show what a legitimate claims processor would have charged the Town of Cicero for precessing all of it's health care claims" in his motion is obviously wrong.

such an audit would not have yielded a different result. After all, the figures used by the Court were based on records from the Town and SRC's bank records.

Subtracting these three figures from the $11,724,252.37 loss amount resulted in a final loss figure of $10,641,777.[2] This was a fair figure that took into consideration every conceivable fee or expense related to whatever legitimate work SRC actually performed for the Town. There is no evidence that Spano, Sr.'s counsel were ineffective in seeking an audit to determine the net amount of the fraud figure.

### 3. Frank Taylor's Testimony Regarding the Jedi Restaurant Meeting

Spano, Sr. argued on direct appeal that Taylor's testimony about the meeting at the Jedi Restaurant with Robert Balsitis should not have been admitted because: (1) Rule 602 limits a witness to testifying about matters within his personal knowledge; (2) Balsitis testified in the grand jury that he was having breakfast with Frank Maltese, not Taylor, when Spano, Sr., sat down with them; (3) Balsitis is more credible than Taylor, and therefore (4) Taylor was not present and shouldn't have been allowed to testify about the meeting.

This issue was decided adversely to Spano, Sr. on direct appeal, and although *res judicata* does not apply to 2255 proceedings, unless there is new evidence or some other change in circumstances, claims decided on direct appeal are foreclosed from review in a Section 2255 petition. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995).

---

[2] SRC's journals of medical claims payments contained three entries in 1994 showing that $605,000 in claims had been paid, when in fact they had not. The addition of the $605,000 after subtracting the fees noted above raised the loss figure to $10,641,777.

Even if the issue was not foreclosed, the claim is frivolous because Rule 602 says that a witness's own testimony can satisfy the personal knowledge requirement. Moreover, Frank Taylor was cross-examined at length by Spano, Sr.'s counsel as well as the other defense attorneys at trial. Thus, the jury was able to assess the credibility of his testimony with regard to the Jedi Restaurant meeting as well as all his testimony.

### B. Spano, Sr. Has Not Established Prejudice from Counsel's Performance

A defendant who satisfies *Strickland*'s performance prong must also demonstrate that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. A defendant must make this showing through objective evidence. *Paters v. United States,* 159 F.3d 1043, 1046 (7th Cir. 1998), *citing Toro v. Fairman,* 940 F.2d 1065, 1068 (7th Cir. 1991). In this context, to establish prejudice, Spano, Sr. must show that the loss amount would have been under $10,000,000 had counsel pursued an independent audit of the Town's records and his sentence would have been different.

With regard to the fraud loss issue, Spano, Sr. can not show prejudice. Despite finding that loss caused by the fraud was $10.6 million, this Court rounded the figure off to an amount below $10 million, which reduced Spano Sr.'s sentence. After the Court of Appeals reversed and remanded the case for re-sentencing on this issue, this Court gave Spano, Sr. the same 151 month prison sentence under the advisory sentencing guideline

scheme. Thus, Spano, Sr.'s sentence arguably reflects a fraud loss of less than $10 million. Moreover, the next advisory guideline range below the $10 million figure is at the $5 million and no one, not even Spano, Sr., can claim that SRC was entitled to claim more than $5 million in expenses to reach this lower offense level. See U.S.S.G. § 2F1.1(b)(1)(O).

### III. CONCLUSION

Defendant Spano, Sr. has not satisfied the *Strickland* standards and, for the foregoing reasons, his Section 2255 Motion should be denied without an evidentiary hearing.

Respectfully submitted,

**PATRICK J. FITZGERALD**
United States Attorney

By:    s/ Matthew M. Schneider
**Matthew M. Schneider**
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-0973

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**GOVERNMENT'S RESPONSE TO DEFENDANT MICHAEL SPANO, SR.'S MOTION TO VACATE THE JUDGMENT AND SENTENCE PURSUANT TO 28 U.S.C. § 2255**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on JUNE 16, 2008, to the following non-ECF filers:

>Michael Spano, Sr.
>#13385-424
>Milan - FCI
>P.O. Box 1000
>Milan, MI 48160

>s/ Matthew M. Schneider
>**Matthew M. Schneider**
>Assistant United States Attorney
>219 South Dearborn Street
>Chicago, Illinois 60604
>(312) 886-0973

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:   SPECIAL JULY 2000-1    )
         GRAND JURY             )   Honorable Marvin E. Aspen
                                )   Chief Judge
                                )

## PETITION

Now comes the United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, and pursuant to Title 18, United States Code, Section 3331(a) respectfully requests the entry of an order extending the term of service of the above-captioned grand jury for a one (1) month period. In support thereof the government states as follows:

1. The Special July 2000-1 Grand Jury was empaneled for a period of 18 months on July 27, 2000, pursuant to Title 18, United States Code, Section 3331(a) and Section 3332(b).

2. The term of the Grand Jury is scheduled to expire at the close of its business on January 24, 2002.

3. The Grand Jury has not completed its business and a successor special grand jury will not be impaneled until February 22, 2002.

4. This is the first request for extension of this Grand Jury.

5. The extension of the grand jury is in the public interest and proper under Title 18, United States Code, Section 3331(a).

**Exhibit - A -**

WHEREFORE, the government respectfully requests that this Honorable Court extend the term of service of the Special July 2000-1 Grand Jury until February 21, 2002.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY: *[signature]*
GARY S. SHAPIRO
First Assistant United States Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:　　SPECIAL JULY 2000-1　　　）
　　　　　　GRAND JURY　　　　　　　）　　Honorable Marvin E. Aspen
　　　　　　　　　　　　　　　　　　　）　　Chief Judge

## ORDER

Upon petition of the United States Attorney Grand Jury, this Court finds as follows:

1. The business of the grand jury has not been completed.

2. Extension of the grand jury is proper under Title 18, United States Code, Section 3331(a).

3. Extension of the grand jury is in the public interest.

WHEREFORE, it is hereby ordered that the term of the Special July 2000-2 Grand Jury is extended until and including February 24, 2002, pursuant to Title 18, United States Code, Section 3331(a).

ENTERED:

_____
CHIEF JUDGE

Entered this 25 day of

December, 2001