ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

# FILED

JUL  7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Respondant, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL SPANO, SR, | ) |
| Defendant. | ) |

Case No.   08-CV-1966

Judge John F. Grady

## DEFENDANT'S REPLY TO GOVERNMENTS RESPONSE
## TO DEFENDANT'S MOTION UNDER §2255

The Defendant, MICHAEL SPANO, SR, acting pro se respectfully submits defendant's reply to the government's response to the defendant's motion to  vacate judgment and sentence under 28 U.S.C. §2255 and states the following:

The Government's Background information is basically correct.

## THE SPECIAL JULY 2000-1 GRAND JURY
## WAS NOT EXTENDED

The Government submits that the life of the Special July 2000-1 Grand Jury that indicted Spano,Sr, was extended by order of Chief Judge Marvin E. Aspin to February 24, 2004. The Government submits an ORDER as part of exhibit A, and claims that this order signed by Chief Judge Marvin E. Aspin extends the life/term of the Special July 2000-1 Grand Jury until and including February 24, 2002.

A close reading of the Exhibit A, ORDER reveals that it was not the Special July 2000-1 Grand Jury that Judge Aspen

extended but it was the Special July 2000-2 Grand Jury that was
he extended. Judge Aspen's ORDER reads in relevant part,

> "WHEREFORE, it is hereby ordered that the term of the
> Special July 2000-2 Grand Jury is extended until and
> including February 24, 2002, pursuant to Title 18
> United States Code, Section 3331(a)".
>
> (See Exhibit A, ORDER, attached hereto).

Pursuant to 18 U.S.C. §3331(a) more than one Special Grand
Jury may be appointed. When a Special Grand Jury is appointed
the Indictment identifies that      Special Grand Jury by the
numerical order in which it was appointed by a 1, 2, 3 etc,
cited behind the year the Special Grand Jury was appointed.
In this case it was the Special July 2000-1 Grand Jury that
returned the Indictment against Spano, SR, and it was the Special
July 2000-2 Grand Jury that Judge Aspen extended. The Special
July 2000-1 Grand Jury that indicted Spano,Sr, was never extended
and its term expired 18 months from the date it was empaneled
on July 27, 2000. The Special July 2000-1 Grand Jury authority
to indicte expired on January 27, 2002, and was acting without
authority to return an Indictment against Spano, Sr, when it
did so  on February 22, 2002.

Spano, Sr's, indictment is void and should be dismissed
because the Special July 2000-1, Grand Jury was acting beyond
its authorized term when it handed down Spano, Sr's Indictment.

2.

## GOVERNMENT'S FRAUD LOSS CALCULATIONS FAIL TO INCLUDE BUSINESS OPERATION EXPENSES INCURED BY SRC WHILE PROVIDING LEGITIMATE SERVICES TO TOWN OF CICERO

The Government's submitted net loss to the Town of Cicero is $11,724,252.37, a figure that fails to consider the business operation expenses incured by SRC while it was providing legitimate services to the Town of Cicero from 1992 thru 1995. The Government respondes that "The Fraud Loss Fairly Included the Value of Expenses SRC Incurred for Services Rendered the Town" yet none of the Government's submissions specifically show any money amounts for the operations expenses incurred by SRC during the period it provided legitimate services to Cicero.

The Government's manipulation of money amount figures in its response is no more than a cheap magicians slight of the hand trick and an illusion. The Government response tries to create somthing that isn't there an illusion. Because the Government's submission of fraud loss to the Town of Cicero failed to take into account non-criminal expense the Seventh Circuit vacated  Spano, Sr's sentence and remanded for resentencing. At resentencing the District Court could only make an "estimate" as to costs incurred by SRC for legitimate business expenses because the Governmemt's submissions failed to provide any audit of the cost's incurred by SRC in providing legitimate services and defense counsel's had failed to conduct an audit for the defense (which makes them ineffective). Now the Government submits that both the Court of Appeals and the District Court overlooked the "Fairly Included Value of Expenses SRC Incurred for Services Rendered the Town".

The Government argues that **"There is no evidence that Spano, Sr's counsel were ineffective in seeking an audit to determine the net amount of the fraud figure".** (Govt. response, page 6). This statement is more of the Government's double talk. Spano Sr's counsel's did not seek an audit and that's is why they rendered ineffective assistance. There is plenty of evidence that counsel's were ineffective for failing to seek an audit of the expense incurred by SRC for legitimate sevices provided to the Town of Cicero.

Spano Sr's counsel's – sentencing and resentencing – relied on the Government's audit and submission of fraud money loss to Cicero and what did it get Spano Sr ? It got him a Reversal from the Seventh Circuit on direct appeal and another illegal sentence on resentencing. After all the unnecessary litigation conducted concerning fraud money loss amounts a reasonable trier of fact has to conclude that the problem lies in the fact that the Government's audit and submission of fraud money loss amounts is unreliable and that Spano Sr's counsel's were ineffective for failing to conduct a reliable audit for the defense.

What is most disturbing about this case is the fact that after the Seventh Circuit Court of Appeals finds the Government's evidence of fraud money loss amounts unconvincing and the District Court finds it unconvincing the Government still presents the same figures and arguments rejected by four federal judges. Just how far will the Government prosecutors go in thier quest to deny Spano Sr, his Sixth Amendment right to effective assistance of counsel.

## FRAUD MONEY LOSS AMOUNTS VERY IMPORTANT
## TO SPANO SR

Besides the verdict of guilty the most important finding in Spano, Sr's trial is evidence of "fraud money loss amount" because Spano, Sr's base offense level under the sentencing guidelines that determines his the severity of his sentence is based on fraud money loss amounts. A reasonable attorney under the circumstance of Spano, Sr's conviction would conduct an investigation and audit into "fraud money loss amounts". If a reasonable attorney was not qualified to conduct such an audit he/she would petition the court for appointment of an expert witness to conduct such an audit for the defense. And no doubt under the circumstances of Spano, Sr's case the court would have appointed an expert witness.if counsel would have requested one. Additionally the facts and evidence show that Spano, Sr's sentencing counsel did not even know the law concerning money loss amounts and even after the Seventh Circuit pointed out the error, resentencing counsel did not seek an audit of money loss amounts.

Due to ineffective assistance of counsel there has yet to be conducted a reliable audit of fraud money loss amount and Spano, Sr's sentence is unconstitutional. Spano, Sr, respectfully moves the District Court to vacate and set aside his illegal sentence.

## INEFFECTIVE ASSISTANCE OF COUNSEL
## REGARDING FRANK TAYLOR TESTIMONY

The Government argues that Spano, Sr's, Ineffective Assistance of Counsel claim (Ground three, 2255 motion) is foreclose from review because the issue was decided adversely to Spano, Sr', on direct appeal. Additionally the Government argues that "the claim is frivolous because Rule 602 says that a witness's own testimony can satisfy the personal knowledge requirement". These two arguments must fail for the following reasons (1) Spano, Sr, did not raise any ineffective assistance of counsel claims on direct appeal, and (2) Ground three, does not raise a challenge to the personal knowledge requirement of Frank Taylor's testimony under Rule 602. The instant claim concerning Frank Taylor's testimony is different entirely different than the Frank Taylor issue raised on direct appeal.

Ground three, raises the claim that trial counsel was ineffective for failing to prepare to impeach Frank Taylor's testimony that he participated in the Jedi Restaurant meeting with the deceased Robert Balsitis. Counsel also failed to raise a meaningful objection to Frank Taylor's testimony that he was a participant at the Jedi meeting. During Taylor's testimony Spano, Sr's trial counsel objected without providing a foundation for the objection or the basis for the objection. Then the trial court without explination overruled conusel's objection without an explination.

Grand Jury testimony of the deceased Robert Balsitis and Frank Taylor's own testimony before the Grand Jury show that

6.

Frank Taylor was giving perjured testimony when he testified that he participated in the Jedi Restaurant meeting with the deceased Robert Balsitis and his testimony concerning conversations and occurances was staged and perjured. Robert Balsitis's Grand Jury testimony clearly states that it was "Frank Maltese" whom he meet at the Jedi Restaurant and not Frank Taylor. Spano, Sr's trial counsel did not use the Grand Jury testimony of Robert Balsitis to impeach Frank Taylor's testimony. And as set forth in Ground Three Supporting Facts, counsel failed to question Taylor concerning his history of giving perjured testimony in federal court. See U.S. v. Oberhause, 2004 WL 414254 (D. Minn. 2004).

The Government argues that Spano, Sr, cannot show prejudice from counsel's performance is just not true. If trial counsel would have used the evidence readily available to the defense to impeach the Testimony of Frank Taylor and cast doubt on the Government's case there would have been a different outcome to this case. The Seventh Circuit relied on Frank Taylor's perjured testimony in its decision to deny Spano, Sr's appeal. See U.S. v. Spano, 421 F.3d 599 (7th Cir. 2005). Spano, Sr's trial counsel was ineffective for failure to properly challenge Frank Taylor's perjured testimony.

### CONCLUSION

Defendant Spano, Sr. has shown both cause and prejudice under the **Strickland** standard on his ineffectve assistance of counsel claims. Spano, Sr's, petition under 28 U.S.C. §2255 and his supporting Affidavit set fourth claims and facts that if proven would entitle him to relief. Facts and evidence outside the records of this case can only be brought to light through an evidentiary hearing.

WHEREFORE Spano, Sr. respectfully moves the Court to grant a §2255 evidentiary hearing in this case.

Respectfully submitted

Michael Spano, Sr.
Defendant, pro se.

ADDRESS:

Michael Spano, Sr.
#13385-424
Federal Correctional Institution
P.O.Box 1000
Milan, Michigan. 48160

8.

## Certificate Of Service

I, Michael Spano, Sr. swear under penalty of perjury that I have mailed a copy of the foregoing motion entitled DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER §2255 to Matthew M. Schneider, Assistant United States Attorney, 219 South Dearborn Street, Chicago, Illinois. 60604, by placing said motion in a prepaid postage envelope with sufficient first class postage attached and deposited same in the prisoners mail box at the Federal Correctional Institution at Milan, Michigan this 2ND _____ day of July, 2008. (28 U.S.C. §1746).

Michael Spano, Sr.
Michael Spano, Sr.


## Certificate Of Mailing

I, Michael Spano, Sr. swear under penalty of perjury that I have mailed the Original and two copies of DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER §2255, by placing said motion in a prepaid postage envelope with sufficient first-class postage attached addressed to the Clerk Of The Court, United States District Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois. 60604, and deposited same in the prisoners mail box at the Federal Correctional Institution at Milan, Michigan this _____ day of July, 2008. (28 U.S.C. §1746).

Michael Spano, Sr.
Michael Spano, Sr.


ADDRESS:

Michael Spano, Sr.
#13385-424
Federal Correctional Institution
P.O.Box 1000
Milan, Michigan. 48160

9.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:    SPECIAL JULY 2000-1    )
          GRAND JURY              )    Honorable Marvin E. Aspen
                                  )    Chief Judge

## O R D E R

Upon petition of the United States Attorney Grand Jury, this Court finds as follows:

1.    The business of the grand jury has not been completed.

2.    Extension of the grand jury is proper under Title 18, United States Code, Section

3331(a).

3.    Extension of the grand jury is in the public interest.

WHEREFORE, it is hereby ordered that the term of the Special July 2000-2 Grand Jury is

extended until and including February 24, 2002, pursuant to Title 18, United States Code, Section

3331(a).

E N T E R E D:

_____
CHIEF JUDGE

Entered this ___21___ day of

December, 2001

EXHIBIT A