

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
Aug 11, 2008
AUG 1 1 2008  mb
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA,      )
                               )
                               )
        v.                     )   Case No. 08 C 1966
                               )   08cv1966
MICHAEL SPANO, SR.             )   Judge John F. Grady

### DEFENDANT'S REPLY TO GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S 2255 MOTION

The Defendant Michael Spano, Sr. acting pro se respectfully submits defendant's reply to the government's supplemental response to defendant's 2255 motion and states the following:

1. First defendant questions the authenticity of Government's Exhibit's A-1 and A-2. Neither exhibit shows a file stamp or date of filing. Additionally the signatures of Chief Judge Marvin E. Aspen do not appear to be from the same person. If these ORDERS were filed with the Clerk of the Court in December of 2001, they should show a file stamp and date of filing. THe Government's Exhibits A-1 and A-2 are not Certified Copies and should be stricken by the court.

2. The Government admits there is an error but that the error is "merely a typographical or clerical error". What the Government is suggesting is that Chief Judge Marvin E. Aspen was signing ORDERS without reading them. And if that is true then the Order [Exhibit A-1] would be void anyway. I am 100%

1.

sure that Judge Marvin E. Aspen if questioned under oath will not admit that he signed the ORDER [exhibit A-1] without reading the ORDER and knowing what he was ordering. A federal Judge's admission that he was signing ORDERS withou reading them would have serious implications for all parties involved.

3. The Government submits that Judge Aspen intended to extend the life of both the Special July 2000-1 Grand Jury and the Special July 2000-2 Grand Jury on the same day because both orders exhibit's A-1 and A-2 are dated and signed on the same day December 21, 2001. Defendant submits that both Orders exhibit A-1 and exhibit A-2 were intended to extend the life of the Special July 2000-2 Grand Jury and not the Special July 2000-1 Grand Jury.

4. The Government admits that it is only the caption of Exhibit A-1 that states SPECIAL JULY 2000-1 GRAND JURY and not the body of the ORDER. The body of the ORDER is where the Judge Aspen's intentions are found and constitute the lawful ORDER. The body of Exhibit A-1 states:

"WHEREFORE, it is hereby **ordered** that the term of the Special July 2000-2 Grand Jury is extended until and including February 24, 2002, pursuant to Title 18, United States Code, Section 3331(a)". (emphysis added).

The Defendant submit that Chief Judge Marvin E. Aspen read the ORDER [exhibit A-1] and clearly understood and intended to extend the life of the Special July 2000-2 Grand Jury before he signed the ORDER and that his signature is proof of that.

2.

5.   There can be no question that a serious error has occured in the Government's indictment process of the defendant Michael Spano, Sr. Whether the error is typographical, clerical, prosecutorial, or judicial the error is not of the Defendant's making.

It was the Government prosecutors that submitted the pre-prepared/typed ORDER exhibit A-1 to Judge Aspen to grant and sign and it was the Government that set the parameters of the request in the ORDER. It was the Government that created the serious error and it should be the Government who takes the responsibility and pays the price .

The Government tries to make light of the error but it is a serious error that caused the Indictment against Michael Spano Sr. to be returned by the Special July 2000-1 Grand Jury that had already expired and lost its authority when it returned Michael Spano, Sr. indictment.

WHEREFORE the Third Superseding Indictment returned against Michael Spano, Sr. on February 22, 2002, being void should be dismissed with prejudice. And Michael Spano be released from federal custody immediately.

See Copy of Exhibits
A-1 and A-2, attached
hereto.

Respectfully submitted

*Michael Spano Sr.*
Michael Spano, Sr.
Defendant, pro se.

3.

### Certificate Of Service

    I, Michael Spano, Sr. swear under penalty of perjury that I have mailed a copy the foregoing DEFENDANT'S REPLY TO GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S 2255 MOTION to Matthew M. Schneider, Assistant United States Attorney, 219 South Dearborn Street, Chicago, Illinois. 60604, by placing said REPLY in a yellow legal envelope with sufficient first-class postage attached and depositing same in the prisoners mail box at the Federal Correctional Institution at Milan, Michigan this __6th__ day of August, 2008. (28 U.S.C. §1746).

                                       */s/ Michael Spano, Sr.*
                                       Michael Spano, Sr.

### Certificate Of Mailing

    I, Michael Spano, Sr. swear under penalty of perjury that I have mailed the original and two copies of the foregoing DEFENDANT'S REPLY TO GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S 2255 MOTION, by placing said pleadings in a yellow legal envelope with sufficient first-class postage attached and depositing same in the prisoners mail box at the Federal Correctional Institution at Milan Michigan this __6th__ day of August 2008. (28 U.S.C. §1746).

                                       */s/ Michael Spano, Sr.*
                                       Michael Spano, Sr.

ADDRESS:

Michael Spano, Sr.
#13385-424
Federal Correctional Institution
P.O. Box 1000
Milan, Michigan. 48160

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:   SPECIAL JULY 2000-1    )
         GRAND JURY             )   Honorable Marvin E. Aspen
                                )   Chief Judge
                                )

### ORDER

Upon petition of the United States Attorney Grand Jury, this Court finds as follows:

1. The business of the grand jury has not been completed.

2. Extension of the grand jury is proper under Title 18, United States Code, Section 3331(a).

3. Extension of the grand jury is in the public interest.

WHEREFORE, it is hereby ordered that the term of the Special July 2000-2 Grand Jury is extended until and including February 24, 2002, pursuant to Title 18, United States Code, Section 3331(a).

ENTERED:

_____
CHIEF JUDGE

Entered this 25 day of

December, 2001

**Exhibit A-1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:  SPECIAL JULY 2000-2   )
        GRAND JURY            )   Honorable Marvin E. Aspen
                              )   Chief Judge
                              )

## ORDER

Upon petition of the United States Attorney and Certification by the Special July 2000-2 Grand Jury, this Court finds as follows:

1. The business of the grand jury has not been completed.

2. Extension of the grand jury is proper under Title 18, United States Code, Section 3331(a).

3. Extension of the grand jury is in the public interest.

WHEREFORE, it is hereby ordered that the term of the Special July 2000-2 Grand Jury is extended until and including May 21, 2002, pursuant to Title 18, United States Code, Section 3331(a).

ENTERED:

_____
CHIEF JUDGE

Entered this __21__ day of

December, 2001

**Exhibit A-2**